UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED MOHIELDEEN ABD )
ALR AHMED, )
 )
    Plaintiff, )
 )
    v. ) Civil Action No. 1:21-CV-03209-RBW
 )
THE HONORABLE ALEJANDRO )
MAYORKAS, SECTRETARY OF )
HOMELAND SECURITY, et al., )
 )
    Defendants. )
_____)

## DECLARATION OF AMANDA B. AGHOS

1. I, Amanda B. Aghos, am a Senior Immigration Services Officer with United States Citizenship and Immigration Services ("USCIS"), within the United States Department of Homeland Security ("DHS"). I am assigned to the Detroit Field Office, in Detroit, Michigan. I have been a Senior Immigration Services Officer at the Detroit Field Office since May 12, 2019. I adjudicate various immigration benefit form types, including Form I-485, Application to Register Permanent Residence or Adjust Status.

2. I have reviewed the Alien Registration File of the applicant, Mohamed Mohieldeen Abd Alr Ahmed, including the Form I-485.

3. The Form 1-485 was filed and received for preparation for an interview by the National Benefits Center (NBC). All Form I-485s needing an interview where the applicant resides in the State of Michigan are routed from the NBC to the Detroit Field Office for interview and adjudication. At the time of filing and to the present day, Mr. Ahmed has represented to USCIS that he lives in Grand Blanc, Michigan, which is in the jurisdiction of the Detroit Field Office

for interview and adjudication.

4. The Form I-485 was adjudicated by the Detroit Field Office. This is demonstrated by the fact that the Requests for Evidence for Mr. Ahmed's Form I-485 and the September 28, 2021, adjudication of his I-485 petition were issued by the Detroit Field Office under the signature of Detroit Field Office Director Michael J. Klinger. A true and correct copy of the September 28, 2021 Decision is attached hereto as Exhibit 1.
5. Based on my review of the file, there is no indication that USCIS Headquarters was involved in the adjudication of this case.

The foregoing is true and correct to the best of my knowledge, the information I have obtained in the course of my official duties, and my belief. I declare under penalty of perjury that this statement is true and correct.

Executed this 15th Day of February, 2022.

_____
Senior Immigration Services Officer
USCIS Detroit Field Office

# EXHIBIT 1

September 28, 2021

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
11411 East Jefferson Ave
Detroit, MI 48214



**U.S. Citizenship and Immigration Services**

MOHAMED MOHIELDEEN ABD ALR AHMED
2167 FOX HILL DR APT 11
GRAND BLANC, MI 48439

MSC2190413554

RE: I-485, Application to Register Permanent
Residence or Adjust Status

A216-251-736

# **DECISION**



Dear MOHAMED AHMED:

On November 24, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA). You filed Form I-485 pursuant to INA 203(c) under the Diversity Visa (DV) Program Lottery for fiscal year 2021.

You filed as the principal beneficiary under the DV Program Lottery.

After a thorough review of your application, your testimony during your interview, and the record of evidence, we must inform you that we are denying your application. To qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or inspected and paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence; and
- Have an immigrant visa immediately available at the time the application is filed.

In addition, to qualify as a DV principal beneficiary immigrant (DV-6) under INA 203(c), the principal beneficiary must:

- Be selected for the DV Lottery Program by the U.S. Department of State;
- Be a native of a country eligible to participate in the DV Lottery for fiscal year 2021;
- Have a DV immediately available at the time of filing the Form I-485;
- Be granted adjustment of status during the fiscal year for which you were selected; and
- Have either a high school education or its equivalent or 2 years of work experience within the past 5 years in an occupation requiring at least 2 years of training or experience.

You must demonstrate that you are eligible to adjust status to a lawful permanent resident (LPR). See Title 8, Code of Federal Regulations (8 CFR), section 245.1.

**Statement of Facts and Analysis, Including Reason(s) for Denial**

**Immigration History:**

- On September 8, 2017, you entered the United States as a nonimmigrant B2 visa holder with authorization to remain in the United States through December 30, 2017.

- On December 29, 2017, you filed an affirmative Form I-589, Application for Asylum/Withholding of Removal, and the application is currently pending.

- On January 28, 2018, you were scheduled and appeared for a biometrics appointment in reference to your Form I-589.

- On June 6, 2020, you were selected by the United States Department of State under the Diversity Immigrant Visa Program for the fiscal year 2021.

- On November 24, 2020, you filed Form I-485, Application to Register Permanent Residence or Adjust Status.

- On March 22, 2021, you were scheduled to appear for an interview in reference to your Form I-485, but you failed to do so.

- On April 22, 2021, USCIS denied your Form I-485 due to your failure to appear as requested.

- On May 10, 2021, you filed Form I-290B, Notice of Appeal or Motion, seeking to reopen USCIS's denial decision on your Form I-485.

- On July 21, 2021, USCIS granted your I-290B and reopened your Form I-485.

- On July 22, 2021, you appeared for an interview in reference to your Form I-485.

- On September 9, 2021, you appeared for an interview in reference to your Form I-589.

**Facts and Analysis:**

You filed Form I-485 based on being the principal beneficiary of a Diversity Immigrant Visa (DV) for fiscal year 2021.

USCIS records indicate that you last entered the United States on September 8, 2017, in nonimmigrant visa category B2. You were authorized to remain in the United States through December 30, 2017. Your status as a B2 nonimmigrant expired on December 30, 2017, and USCIS records do not reflect that you have applied to extend or change your status at any time. Therefore, you were not in lawful nonimmigrant status at the time of filing Form I-485 in accordance with INA 245(c).

On July 22, 2021, you appeared for an interview to determine your eligibility for adjustment of status to that of a lawful permanent resident. During your interview, you informed the officer that you have a pending Form I-589. A pending Form I-589 can extend an alien's authorized stay in the United States, which gives the alien lawful presence. However, filing a Form I-589 does not confer a lawful status on the alien. The filing of a Form I-589 does not fulfill the applicant's requirement of having to maintain status in order to adjust under the Diversity Visa Program. USCIS records show that from December 31, 2017, until the present, you have not maintained lawful nonimmigrant status in the



United States.

Also, you are not subject to the "technical" exception under INA 245(c)(2) for adjustment of status applicants whose failure to maintain status was "through no fault of his or her own or for technical reasons."

According to INA 245(c)(2), other than an alien having an approved petition for classification as a VAWA self-petitioner, subsection (a) shall not be applicable to:

> "an alien (other than an immediate relative as defined in section 1151(b) of this title or a special immigrant described in section 1101(a)(27)(H), (I), (J), or (K) of this title) who hereafter … is in unlawful immigration status on the date of filing the application for adjustment of status **or** who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States."

USCIS records show that the government has acted on your Form I-589 by receipting and processing your biometrics to complete security checks on your case. Therefore, the "technical" exception under INA 245(c)(2) does not apply in your case.

Further, the Board of Immigration Appealed (BIA) has held in *Matter of L-K-*, 23 I&N Dec. 677 (BIA 2004), "had the drafters of the adjustment regulation intended the pendency of an asylum application to be considered a "technical reason" for being out of lawful status, such language could easily have been included in the regulation."

Accordingly, the technical reasons exception to the requirement to maintain lawful nonimmigrant status under 245(c)(2) of the Act does not apply in your case.

You have not established that you are eligible for adjustment under INA 245. Therefore, USCIS must deny your Form I-485.

The evidence of record shows that, when you filed your application, you were lawfully present in the United States as an Asylee Applicant with Work Authorization. You are authorized to remain in the United States as long as your asylum application is pending. However, you must continue to comply with all the conditions that apply to your asylum applicant status.

You may not appeal this decision. However, if you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. The grounds for a Motion to Reopen and Motion to Reconsider are explained in 8 CFR 103.5(a). You must file Form I-290B within 30 days of the date of this decision if this decision was served in person, or within 33 days if the decision was served by mail. See 8 CFR 103.5(a) and 103.8(b). Note: You must follow the most current filing instructions for Form I-290B, which can be found at www.uscis.gov.

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. You may also contact the USCIS office having jurisdiction over your current place of residence.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired



employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Michael J Klinger
Director

MJK/knl

MSC2190413554

A216-251-736

## Attachment

### (Applicable Law/Regulations)

**INA 245**

**ADJUSTMENT OF STATUS OF NONIMMIGRANT TO THAT OF PERSON ADMITTED FOR PERMANENT RESIDENCE**

(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if

(1) the alien makes an application for such adjustment,

(2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and

(3) an immigrant visa is immediately available to him at the time his application is filed.

**8 CFR 245.1**

(a) General. Any alien who is physically present in the United States, except for an alien who is ineligible to apply for adjustment of status under paragraph (b) or (c) of this section, may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application. A special immigrant described under section 101(a)(27)(J) of the Act shall be deemed, for the purpose of applying the adjustment to status provisions of section 245(a) of the Act, to have been paroled into the United States, regardless of the actual method of entry into the United States.

**8 CFR 245.2**

(5) Decision --

(i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial.

(ii) Under section 245 of the Act. If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status. An application for adjustment of status, as a preference alien, shall not be approved until an immigrant visa number has been allocated by the Department of State. No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 240 . Also, an applicant who is a parolee and meets the two conditions described in § 245.2(a)(1) may renew a denied application in proceedings under 8 CFR part 240 to determine admissibility. At the time of renewal of the application, an applicant does not need to meet the statutory requirement of section 245(c) of the Act, or § 245.1(g) , if, in fact, those requirements were met at the time the renewed application was initially filed with the director. Nothing in this section shall entitle an alien to proceedings under section 240 of the Act who is not otherwise so entitled

**8 CFR 103.5**

(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases—

(1) When filed by affected party—

(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210,



242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

(ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations.

(iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:

(A) In writing and signed by the affected party or the attorney or representative of record, if any;

(B) Accompanied by a nonrefundable fee as set forth in § 103.7;

(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;

(D) Addressed to the official having jurisdiction; and

(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.

(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) The requested evidence was not material to the issue of eligibility;

(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable



requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

**8 CFR 103.8**

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

**8 CFR 212.5(e)**

(1) Automatic. Parole shall be automatically terminated without written notice

(i) upon the departure from the United States of the alien, or

(ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

(2)(i) On notice. In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of the district director or chief patrol agent in charge of the area in which the alien is located, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the district director, chief patrol agent, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs the public interest requires that the alien be continued in custody.



**8 CFR 274a.14**

(a) Automatic termination of employment authorization.

(1) Employment authorization granted under § 274a.12(c) of this chapter shall automatically terminate upon the occurrence of one of the following events:

(i) The expiration date specified by the Service on the employment authorization document is reached;

(ii) Exclusion or deportation proceedings are instituted (however, this shall not preclude the authorization of employment pursuant to § 274a.12(c) of this part where appropriate); or

(iii) The alien is granted voluntary departure.

(2) Termination of employment authorization pursuant to this paragraph does not require the service of a notice of intent to revoke; employment authorization terminates upon the occurrence of any event enumerated in paragraph (a)(1) of this section. However, automatic revocation under this section does not preclude reapplication for employment authorization under § 274a.12(c) of this part.

(b) Revocation of employment authorization--

(1) Basis for revocation of employment authorization. Employment authorization granted under Sec. 274a.12(c) of this chapter may be revoked by the district director:

(i) Prior to the expiration date, when it appears that any condition upon which it was granted has not been met or no longer exists, or for good cause shown; or

(ii) Upon a showing that the information contained in the application is not true and correct.

(2) Notice of intent to revoke employment authorization. When a district director determines that employment authorization should be revoked prior to the expiration date specified by the Service, he or she shall serve written notice of intent to revoke the employment authorization. The notice will cite the reasons indicating that revocation is warranted. The alien will be granted a period of fifteen days from the date of service of the notice within which to submit countervailing evidence. The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization.